USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 16, 2014

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
---------------------------------- X
UNITED STATES OF AMERICA,         :
                                  :
     -against-                    :    No. 06 Cr. 1084 (JFK)
                                  :    **MEMORANDUM OPINION & ORDER**
SIMEON BARROW,                    :
                                  :
                     Defendant.   :
---------------------------------- X

**JOHN F. KEENAN, United States District Judge:**

By letter dated May 1, 2014, Simeon Barrow, the former defendant in the above-captioned litigation, requests expungement of his felony conviction for access device fraud. The Court has also received a similar letter from Barrow's wife, Tracy Reid-Barrow. Liberally construing Barrow's letter as a motion, the Court concludes that it cannot grant the relief he seeks.

## I. Background

On November 22, 2006, Barrow was charged in a two-count indictment with (1) submitting fraudulent credit applications at J.C. Penney to obtain access devices with a view toward making unauthorized purchases at the store, in violation of 18 U.S.C. § 1029; and (2) aggravated identity theft, in violation of § 1028A. Although he had been arrested twice before as a youth, these were his first felony charges.

Barrow pled guilty to Count 1 on May 16, 2007. This Court sentenced him to nine months' imprisonment, to be followed by

1

three years of supervised release.  Barrow was also ordered to make restitution to J.C. Penney in the amount of $6,000.  The docket reflects that Barrow satisfied his restitution obligation in July 2011.

In his letter, Barrow represents that he successfully completed his term of supervised release without incident, and that he has maintained stable employment since his release.  He contends that his felony record has made it difficult to find more lucrative work or to qualify for federal student aid.  Barrow concludes that an expungement of his only felony conviction would solve these problems.  The Court has no reason to disbelieve any of the information contained in Barrow's letter, or in the letter submitted by his wife.

**II.  Discussion**

**A.  Legal Standard**

It is well settled in this Circuit that a district court's power to order the expungement of a criminal record is generally limited to extreme circumstances. United States v. Schnitzer, 567 F.2d 536, 539 (2d Cir. 1977) (concerning an arrest record where the indictment had been dismissed); see, e.g., Umanoff v. United States, No. 12 MC 644, 2013 WL 1760211, at *1 (E.D.N.Y. Apr. 23, 2013); Slansky v. White, No. 96 Civ. 2338, 1996 WL 312401, at *1 (S.D.N.Y. June 10, 1996). But see United States v. Deberry, No. 05 MJ 62, 2013 WL 6816626, at *2 (W.D.N.Y. Dec. 20,

2013) (questioning whether federal courts retain the jurisdiction to expunge arrest records after Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375 (1994)).  In this regard, the use of the word "extreme" is not casual or an understatement.  Indeed, the Schnitzer court provided examples where the high bar for relief was met:

> Such extreme circumstances have been found and records ordered to be expunged where procedures of mass arrests rendered the judicial determination of probable cause impossible, where the court determined the sole purpose of the arrest was to harass civil rights workers, where the police misused the police records to the detriment of the defendant, or where the arrest was proper but was based on a statute later declared unconstitutional.

567 F.2d at 540 (citations omitted); see also United States v. Payne, No. 92 Cr. 620, 2008 WL 2065059, at *2 (S.D.N.Y. May 15, 2008).  In other words, expungement tends to be permissible only where "some impropriety attends the government's actions." In re Farkas, 783 F. Supp. 102, 103–04 (E.D.N.Y. 1992); accord United States v. Morelli, No. 91 Cr. 639, 1999 WL 459784, at *1 (S.D.N.Y. June 30, 1999) ("[T]his very stringent standard has been developed principally, if not exclusively, to deal with expungement requests concerning records of arrests that did not lead to valid convictions.").

By contrast, courts have routinely rejected motions to expunge "where the movant does not even challenge the legality or validity of the conviction for which expunction of records is

3

sought." Holmes v. United States, No. 99 MC 106, 2005 WL 1320149, at *2 (E.D.N.Y. June 2, 2005) (citations omitted); see United States v. McFadzean, No. 93 Cr. 25, 1999 WL 993641, at *3 (S.D.N.Y. Nov. 2, 1999) (observing that expungement "is not commonly granted even in cases in which the defendant was acquitted of the charges, much less where the defendant has been convicted by a jury or pleaded guilty").  Numerous cases stand for the proposition that "[d]ifficulty in obtaining employment because of a criminal record" is not enough to justify expungement. Joefield v. United States, No. 13 MC 367, 2013 WL 3972650, at *3 (E.D.N.Y. Aug. 5, 2013) (collecting cases).  This is so "[e]ven where individuals have lived law-abiding lives after their arrests." Ali v. United States, No. 13 MC 342, 2013 WL 4048498, at *2 (E.D.N.Y. Aug. 9, 2013); see also Umanoff, 2013 WL 1760211, at *1; Holmes, 2005 WL 1320149, at *2 ("[H]aving had an 'exemplary life' since conviction is not a sufficient reason for expungement." (quoting Farkas, 783 F. Supp. at 104)).

    This consensus emanates from two important principles. First and foremost, both Congress and the courts have recognized that there is a compelling public interest in retaining criminal records. See 28 U.S.C. § 534(a); Schnitzer, 567 F.2d at 539-40 & n.6; Morelli, 1999 WL 459784, at *1 ("The policies underlying retention of criminal records encompass not only the immediate

4

needs of law enforcement for identification and reference in future criminal proceedings, but also punishment and deterrence, as well as public informational needs, as appropriate."). Faced with this compelling interest, "courts have rarely granted motions to expunge arrest records, let alone conviction records." United States v. Sherman, 782 F. Supp. 866, 868 (S.D.N.Y. 1991).

Second, courts must be reluctant to substitute their judgment for that of employers, legislators, and others in whom the discretion to give second chances is more properly vested. See In re Farkas, 783 F. Supp. at 104 ("It might well be judicious of those bodies to look on a 20-year-old arrest record with charity and forgiveness, especially where the arrestee has since led an exemplary life; nevertheless, this court declines to usurp the wise exercise of their discretion by removing such records entirely from view."); see also Joefield, 2013 WL 3972650, at *5 ("Future potential employers, under present law, have a right to know of this serious defect and to weigh it against petitioner's admirable work record."); United States v. Robinson, No. 04 Cr. 580, 2007 WL 2077732, at *5 (E.D.N.Y. July 18, 2007) ("It is not the province of the court to substitute its own judgment about the licensing of teachers in New Jersey by expunging a criminal record from a system whose purpose is to

5

provide a repository of information for use in making such determinations."); Morelli, 1999 WL 459784, at *3.

### B.   Application

Based on the facts presented in Barrow's letter, the Court concludes that his circumstances, while unfortunate, are not so extreme as to warrant the extraordinary remedy of expungement. Barrow does not challenge the legality or propriety of his arrest; indeed, he pled guilty to Count 1 of the indictment against him. Nor does he contend that the Government acted with any improper purpose in arresting him, nor that his arrest was based on an invalid statute. There is nothing before the Court to indicate that Barrow's interest in expungement outweighs the Government's need to preserve the record of his conviction.

Although the Court credits Barrow's representation that his conviction has impeded his professional and educational progress, that harm simply "does not fall within the narrow bounds of the class of cases where expungement has been declared appropriate." Schnitzer, 567 F.2d at 540.  Put another way, Barrow's "work ethic and desire to lead a productive life are commendable, but the powers of the court are limited." Joefield, 2013 WL 3972650, at *5.  Because those powers do not extend to granting relief under these circumstances, Barrow's request must be denied.

### III. Conclusion

For the foregoing reasons, Barrow's application to expunge the record of his felony conviction is denied.

**SO ORDERED.**

Dated:   New York, New York
         May 16, 2014

                                                  _/s/ John F. Keenan_
                                                         John F. Keenan
                                                United States District Judge